O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBECCA SHAPIRO,<br><br>    Plaintiff,<br><br>v.<br><br>PROFESSIONAL COLLECTION CONSULTANTS; DONALD HOPP, an individual,<br><br>    Defendants. | Case No. CV 11-03347 ODW (JCx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [14] [Filed 6/22/11] |

## I.  INTRODUCTION

Currently before the Court is Defendants Professional Collection Consultants ("PCC") and Donald Hopp's ("Hopp" and collectively, "Defendants") Motion to Dismiss Plaintiff Rebecca Shapiro's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 14.) The Court deems the matter appropriate for decision without oral argument, and for the reasons discussed below, hereby, **GRANTS IN PART AND DENIES IN PART** Defendants' Motion. *See* Fed. R. Civ. P. 78(b); L.R. 7-15.

1

## II.   FACTUAL BACKGROUND

Plaintiff's SAC alleges the following:

Defendants are debt collectors who attempted to collect an outstanding debt from Plaintiff. (SAC ¶¶ 4, 8.) Hopp owned PCC. (SAC ¶ 5.) Within the year preceding the filing of the SAC, Plaintiff entered into an arrangement with PCC consisting of monthly payments for the debt Plaintiff owed PCC. (SAC ¶ 11.) PCC subsequently contacted Plaintiff on multiple occasions attempting to collect. (SAC ¶ 9.) On at least one of these attempts, PCC's employee did not identify the name of the company he was calling from or state that the call was from a debt collector. (SAC ¶ 14.)

In January of 2011, Plaintiff called PCC to make her monthly payment. (SAC ¶ 12.) Plaintiff was unable to complete the payment, however, because the employee who ordinarily accepts her payments was unavailable. (SAC ¶ 12.) The following month, a PCC employee called Plaintiff on her cell phone while she was at work regarding the missed payment. (SAC ¶ 13.) During this conversation, PCC's employee "berated" Plaintiff, including telling Plaintiff that she was "a disappointment" and that he would "take her for everything she's worth and that she should close her bank account and hide her car." (SAC ¶ 13.)

Based on these allegations, Plaintiff instituted this action on April 20, 2011, asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the California Rosenthal FDCPA ("California FDCPA"), Cal. Civ. Code § 1788, *et seq*. Defendants now move to dismiss Plaintiff's SAC in its entirety.

## III.   LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations

must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**IV. DISCUSSION**

    **A. PLAINTIFF'S FDCPA CLAIM**

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accts. Receivables Corp.*, 654 F. Supp. 2d 1051,

1057 (C.D. Cal. 2009). The statute's intent is to eliminate abusive debt collection practices, including the harassment and abuse of consumers. 15 U.S.C. § 1692(e). In particular, 15 U.S.C. § 1692d provides, "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," qualifies as a violation of the FDCPA. Conduct encompassed by this definition includes the use of language which would naturally cause the hearer to feel abused and advertising the sale of any debt, with the intention to coerce payment of the debt. 15 U.S.C. §§ 1692d(2), 1692d(4). The Court evaluates this conduct from the perspective of "a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1226 (E.D. Cal. 2010) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)).

With respect to PCC, Plaintiff alleges and Defendants do not dispute that Plaintiff is a "consumer" and that PCC is a "debt collector" under the FDCPA. (SAC ¶¶ 3, 8.) As a result, Plaintiff's claim against PCC turns on whether PCC committed some act or omission in violation of the FDCPA. Here, the Court finds that Plaintiff sufficiently pleaded some act or omission in violation of the FDCPA. Specifically, Plaintiff alleges, *inter alia*, that PCC, in an attempt to collect a debt, called Plaintiff "a disappointment" and threatened "to take her for everything she's worth, [. . . ] to close her bank account and hide her car." (SAC ¶¶ 13, 15, 16, 17.) In addition, the SAC alleges that one of PCC's employees left a voicemail on Plaintiff's cell phone that failed to disclose his status as one of PCC's employees or that the call was from a debt collector in an attempt to collect a debt. (SAC ¶ 14.) Plaintiff alleges that these actions violated §§ 1692d and 1692e of the FDCPA. Taking these allegations as true, Plaintiff's SAC sufficiently pleads an FDCPA claim against PCC.

With respect to Hopp, the parties dispute as to whether Hopp can be held liable pursuant to the FDCPA as PCC's owner. District courts have interpreted FDCPA's definition of "debt collector" to include not only debt collection businesses, but under

certain circumstances, employees of those business as well.  *See* 15 U.S.C. § 1692a(6); *see also Robinson*, 654 F. Supp. 2d at 1059 (holding that employees of a debt collection organization may be held personally liable as debt collectors for acts committed during the scope of employment).  In order to allege a claim against an individual employee under the FDCPA, Plaintiff must allege that the employee: "(1) materially participated in collecting the debt at issue; (2) 'exercise[d] control over the affairs of [the] business'; (3) was 'personally involved in the collection of the debt at issue'; or (4) 'was regularly engaged, directly . . . [or] indirectly, in the collection of debts.'"  *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008) (citations omitted).  Merely serving as a shareholder, officer, or a director of a debt collecting corporation is not, in itself, sufficient to establish individual liability.  *Schwarm*, 552 F. Supp. 2d at 1073.

In this case, Plaintiff's allegations, beyond the fact that Hopp is the owner of PCC, are conclusory.  Particularly, Plaintiff alleges that Hopp is the owner of PCC and, that "as an officer, shareholder and/or director of PCC," he was responsible for the success of the company.  (SAC ¶ 5.)  Plaintiff, in addition, asserts generally that Hopp was "regularly engaged, albeit more often indirectly than directly, in the collection of debts."  (SAC ¶ 5.)  Allegations, however, that Hopp was "regularly engaged" in PCC's business, without more, do not state a plausible claim establishing individual liability.  *See King v. Nat'l Credit Works, Inc.*, No. 10-cv-02413-AWI-SKO, 2011 WL 3847018 at *5 (E.D. Cal. Aug. 30, 2011).  Accordingly, Plaintiff's SAC fails to sufficiently allege that Hopp is a "debt collector" pursuant to the FDCPA.

### B. Plaintiff's California FDCPA Claim

The California FDCPA provides that any conduct by a debt collector which violates the FDCPA can also be determined to violate the California FDCPA.[1]  Cal. Civ. Code § 1788.17; *see, e.g.*, *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005).  Here, Plaintiff has sufficiently pled a claim against PCC under the FDCPA.  Accordingly, Plaintiff's claim against PCC pursuant to the California FDCPA

---

[1] California FDCPA, California Civil Code § 1788.17 reads "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j [of the FDCPA], inclusive."  Cal. Civ. Code § 1788.17.

survives Defendants' Motion to Dismiss. As to Hopp, Plaintiff fails to allege sufficient facts to state a claim under the California FDCPA for the same reasons Plaintiff's FDCPA allegations are insufficient.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion as to Hopp and **DENIES** Defendants' Motion as to PCC. Plaintiff may, in good faith, file an amended Complaint within fourteen (14) days from the date of this Order. Otherwise, Hopp shall be dismissed from this case.

IT IS SO ORDERED.

September 28, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE